# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELIAS R. DIAZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 14 CV 8042 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| KIMBERLY BUTLER, Warden, ) | |
| Menard Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Pro se Petitioner Elias R. Diaz filed a petition for a writ of habeas corpus [1] on October 14, 2014 challenging his confinement at Menard Correctional Center. Currently pending before the Court is Petitioner's motion to stay the habeas proceedings to allow Petitioner to exhaust state court remedies with respect to new habeas claims [16]. Respondent Kimberly Butler, the Warden of Menard Correctional Center, opposes the stay and has filed a brief in opposition, to which Petitioner has replied. For the reasons that follow, Petitioner's motion [16] is denied. Petitioner is given until July 27, 2015 to file a motion for leave to amend his petition if he so chooses. If the State does not consent to amendment, it must file a brief in opposition by August 7, 2015. This case is set for telephone status on 8/11/2015 at 10:00 a.m. Counsel for Respondent is requested to make arrangements for Petitioner to be available by phone at that time. The Clerk is instructed to mail Petitioner a copy of this memorandum opinion and order.

**I.   Background**

After a bench trial in Kane County, Petitioner was found guilty of first-degree murder. The victim was a six-year-old boy who was shot in 1996 while sleeping in a back bedroom previously occupied by a member of the Latin Homeboys street gang. [13], Exh J., *People v.*

*Diaz*, 2014 IL App (2d) 110877-U, ¶ 4. At the time, Petitioner was a member of the Ambrose street gang. See *id.* at ¶ 7. The murder was unsolved until 2006 when Alejandro Solis, another Ambrose gang member, provided information following his arrest that implicated Petitioner and two other gang members named Mark Anthony Downs and Ruben Davila. *Id.* at ¶¶ 5, 7.

At trial, Solis, who was the leader of the Ambrose gang, testified that Petitioner admitted to driving fellow gang members Davila and Downs to the house where the victim was shot through a bedroom window. [13], Exh J., *People v. Diaz*, 2014 IL App (2d) 110877-U, ¶ 25. Davila testified that Petitioner ordered him to kill the rival gang member who previously occupied the bedroom where the victim slept the evening he was shot. *Id.* Davila further testified that Petitioner drove them to the home and that Downs fired the shots through the bedroom window. *Id.* Another gang member, Billie Mireles, testified that following the shooting, she witnessed Petitioner being beaten at a party. *Id.* Petitioner repeatedly asked why Davila did not receive a beating as well and stated that he "was only the driver." *Id.* Petitioner testified that he was home at the time of the shooting. *Id.*

After his conviction, Petitioner filed a petition in state court under Illinois' Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.*, the dismissal of which was affirmed on appeal in March of 2014. See [13], Exh J., *People v. Diaz*, 2014 IL App (2d) 110877-U, ¶ 2. The Illinois Supreme Court denied Petitioner's subsequent petition for leave to appeal on September 24, 2014. See [13], Exh. L, *People v. Diaz*, 20 N.E.3d 1257 (Ill. 2014) (table decision). Petitioner thereafter filed an eight-count petition for a writ of habeas corpus in this Court in October of 2014.[1] See [1]. The State filed a response to the petition on January 27,

---

[1] The petition includes the following claims: (1) 725 ILCS 5/109-3.1 regarding preliminary hearings in Illinois is unconstitutional; (2) trial counsel was constitutionally ineffective by failing to raise that claim; (3) appellate counsel was ineffective by failing to argue that Petitioner was not proven guilty beyond a reasonable doubt; (4) the trial court erred by rejecting Petitioner's actual innocence claim; (5) the trial

2

2015 [15], in which the State argued that only three of the claims—challenges to the effectiveness of trial counsel and appellate counsel and a challenge to the sufficiency of the evidence at trial—are cognizable. The State contends that these claims nonetheless should be denied as procedurally defaulted on independent and adequate state law grounds. See [15], Resp. at 4–5 (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)). The State further argues that Petitioner failed to demonstrate cause for the default or establish actual innocence such as to excuse the default. See *id.* at 5 (citing *Dretke v. Haley*, 541 U.S. 386 (2004)).

Two days after the State's response brief to the habeas petition was filed, Plaintiff filed the instant motion to stay the habeas proceedings. The State filed a response in opposition [20], to which Plaintiff filed a reply brief [23]. During this time, Plaintiff also filed a reply brief in support of his petition for a writ of habeas corpus. See [22].

## II. Analysis

In his motion to stay, Petitioner contends that, since he filed his habeas petition, he has learned that two witnesses provided testimony at co-defendant Mark Downs' trial that establishes his innocence. [16], Mot. at 1. Petitioner states that he has submitted a request to the Kane County Court Reporter to obtain the relevant transcripts. *Id.* at 2. He further explains that he would like this Court to review his actual innocence claim, and that he seeks a stay so that he can exhaust available state court remedies on the claim and gather additional information to support it. *Id.*

In its response brief, the State correctly observes that in *Herrera v. Collins*, the Supreme Court wrote that "a claim of 'actual innocence' is not itself a constitutional claim, but instead a

---

court lacked authority to find Petitioner legally accountable for the conduct of Mark Downs; (6) Petitioner's sentence is void because the factor that made Petitioner eligible for the sentence was not pled in the relevant indictment; (7) the trial court exceeded its jurisdiction by convicting Petitioner without an indictment charging the commission of an offense; and (8) the trial court erred by denying Petitioner's motion for disclosure of information about the government's informants. [1], Petition at 7–41

3

gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits," 506 U.S. 390, 404 (1993).[2] See also *McQuiggin*, 133 S. Ct. at 1928 (explaining that a claim of actual innocence "serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar * * * [or] expiration of the statute of limitations."); *McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013) ("[A] habeas petitioner can avoid procedural default if he can establish * * * that the court's failure to consider the defaulted clam would result in a 'fundamental miscarriage of justice' * * * [meaning that the petitioner] is actually innocent of the crime of which he has been convicted."). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The State contends that because actual innocence is not itself a constitutional claim, it is not subject to the state exhaustion requirement and therefore a stay is not necessary. [20], Resp. at 2. The State further argues that a stay is not necessary because it has provided the evidence that Petitioner seeks—namely, the transcripts from Downs' criminal proceedings. See *id.* at 3; see [19], Exhs. O–R.

In his reply brief, Petitioner explains that he "misworded his claim underlying the motion for [a] stay as an actual innocence claim." [23], Reply at 2. Petitioner clarifies that he seeks to assert a new ineffective assistance of trial counsel claim "for failure to diligently investigate that which another attorney, duly diligent, was able to procure." *Id.* Petitioner contends that his new claim is based on "newly acquired evidence that is exculpatory and material," including "witness[] testimony [that] significantly impeaches the State's entire case as it pertains to

---

[2] But see *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence.").

Petitioner and counsel's failure to investigate[.]" *Id.* at 4. Petitioner writes that he filed a subsequent post-conviction petition on February 25, 2015. *Id.* at 2. It is not clear where the petition was filed, but this Court's docket does not reflect a filing by Petitioner on that date.

Petitioner cites *Rhines v. Weber*, 544 U.S. 269 (2005), in support of his motion, arguing that "if he were to amend [his] petition to include the ineffective assistance of trial counsel claim based on newly discovered evidence, the petition would then be a mixed petition and thus subject to the Supreme Court holding in *Rhines*." [23], Reply at 3. In *Rhines*, the Supreme Court addressed the district court's discretion to stay a "mixed petition"—that is, a petition that contains both exhausted and unexhausted claims—to allow a petitioner to present unexhausted claims in state court before returning to federal court for review of a perfected petition. See 544 U.S. at 271–72. In Illinois, a petitioner exhausts his state court remedies by proceeding through a direct appeal and one full round of post-conviction proceedings. See *Johnson v. Hulett*, 574 F.3d 428, 431 n. 2 (7th Cir. 2009). The Supreme Court explained that as a result of the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), those with mixed petitions "run the risk of forever losing their opportunity for any federal review of their unexhausted claims" because of the rule of *Rose v. Lundy*, 455 U.S. 509 (1982), which prohibits district courts from adjudicating mixed petitions. See *Rhines*, 544 U.S. at 273–75.

Given this concern, some courts opt to stay habeas proceedings and hold petitions in abeyance (as opposed to dismissing the petition) while the petitioner returns to state court to exhaust his previously unexhausted claims. See *id.* at 275. In *Rhines*, the Supreme Court discussed the appropriateness of this measure, explaining:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the

5

district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. * * * On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

544 U.S. at 277–78.

Here, however, Petitioner does not contend that he has a mixed petition. Rather, after filing his habeas petition, Petitioner brought to the Court's attention his purported discovery of new evidence—testimony from Downs' trial—which he contends establishes his actual innocence and supports a new habeas claim under *Strickland*. Because Petitioner's new *Strickland* claim is not included in his federal habeas petition, however, the Court is not in a position to determine whether a stay and abeyance is appropriate under the foregoing standard articulated in *Rhines*. In addition, the State was unaware of Petitioner's actual innocence claim when it drafted its response to the habeas petition, and thus did not address whether the procedural default that it identified should be excused under the miscarriage-of-justice exception.

For both of these reasons, the Court encourages Petitioner to file a motion for leave to amend his habeas petition. See *Mayle v. Felix*, 545 U.S. 644, 649 (2005) (habeas petitions "may be amended * * * as provided in the rules of procedure applicable to civil actions") (quoting 28 U.S.C. § 2242). Under Rule 15(a)(2), which governs amended and supplemental pleadings, a party may amend its pleading once as a matter of course within 21 days of serving it or within 21 days after service of a responsive pleading, if one is required. Fed. R. Civ. P. 15(a). Here, more than 21 days have passed since the State served its responsive pleading. Therefore, Petitioner may amend his petition with the State's written consent or with the Court's leave. See *id.*

If the State consents to an amendment, or if the Court grants a motion to amend,

6

Petitioner then may lay out the grounds for his new *Strickland* claim and the new evidence that he contends supports actual innocence, which he only has referenced in the instant motion and his reply brief in support thereof. Importantly, and as the State noted in its response, the State has filed the transcripts from Downs' criminal proceedings that Petitioner previously sought from the Kane County Court Reporter. In any amended petition, Petitioner should identify the specific testimony that he believes supports his actual innocence and *Strickland* claims.

In encouraging Petitioner to move to amend his habeas petition, the Court further notes that Petitioner still is within the AEDPA statute of limitations. Petitioner's conviction became final on September 24, 2014 when the Illinois Supreme Court denied his petition for leave to appeal; the limitations period for his habeas petition thus will not run until at least September 24, 2015. See *Mayle*, 545 U.S. at 651 (citing 28 U.S.C. § 2244(d)(1)(A)).[3] Petitioner should keep in mind that, once the limitations period has run, any amendment to his federal habeas petition must "relate back" to the date of his original timely filed petition. See *id.* at 649. The Supreme Court has explained that an amended pleading does *not* relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

---

[3] Section 2244(d)(1) provides: A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

### III. Conclusion

For the reasons stated above, the Court denies Petitioner's motion to stay the habeas proceedings and hold in abeyance his federal habeas petition [16]. Petitioner is given until July 27, 2015 to file a motion for leave to amend his petition if he so chooses. If the State does not consent to amendment, it must file a brief in opposition by August 7, 2015. This case is set for telephone status on 8/11/2015 at 10:00 a.m. Counsel for Respondent is requested to make arrangements for Petitioner to be available by phone at that time.

Dated: June 25, 2015

                                              Robert M. Dow, Jr.
                                              United States District Judge